UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


PAUL J. WROBLESKI,                              CIVIL NO. 05-2732 (DWF/JSM)

     Petitioner,

v.                                              <u>REPORT AND RECOMMENDATION</u>

STATE OF MINNESOTA,

     Respondent.


JANIE S. MAYERON, U.S. Magistrate Judge

     This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Docket No. 1]. Respondents have filed a Motion to Dismiss the Petition for Writ of Habeas Corpus [Docket No. 3]. Thereafter, Petitioner filed a Motion to Grant Appropriate Relief [Docket No. 5]. This matter was decided on the written submissions of the parties.

     This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). For the reasons discussed below, **IT IS RECOMMENDED THAT**:

    1.    Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1]    Rule 4 provides that A[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.@

1

2.      Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus [Docket No. 3] be **GRANTED**.

3.      Petitioner's Motion to Grant Appropriate Relief [Docket No. 5] be **DENIED**.

## I.     BACKGROUND

On April 15, 2004, Petitioner was convicted of first-degree driving while impaired (DWI)—refusal to submit to chemical test under Minnesota law.   Petitioner was sentenced to 54 months in prison, and at the time he filed his habeas petition, he was serving his sentence at the Minnesota Correctional Facility at Faribault, Minnesota.[2]

After Petitioner was convicted and sentenced, he filed a direct appeal with the Minnesota Court of Appeals, in which he claimed that his conviction should be vacated because first-degree implied consent testing refusal was not statutorily defined as an offense and that the imposition of a public defender co-payment violated his right to counsel.   State v. Wrobleski, No. A04-1493, 2005 WL 2008505, at *1 (Minn. Ct. App. Aug. 23, 2005).   Petitioner also filed a pro se brief with the Minnesota Court of Appeals, in which he raised the following issues:

1.      Did the State Patrol Officer misrepresent the facts to support the charged offense?
2.      Did the State Patrol Officer Violate due process by not administering a field sobriety test?
3.      Did the State Patrol Officer Violate Due Process by utilizing a charge of leaving the scene of an accident to secure a refusal case?
4.      If a jury found the Appellant innocent and no alcohol was involved, did the refusal conviction violate due process without a DUI verdict of guilty to support it?

Appellant's Pro Se Supplemental Br., at 2.

---

[2]      On March 14, 2006, this Court received a letter from petitioner indicating that he had been moved to the Minnesota Correctional Facility at Lino Lakes.  [Docket No. 10].

2

The Court of Appeals rejected Petitioner=s claim that his conviction should be vacated because first-degree implied consent testing refusal was not statutorily defined as an offense, but reversed the imposition of the public defender co-payment.  Without discussion, the Minnesota Court of Appeals also rejected Petitioner's pro se arguments. On November 15, 2005, the Minnesota Supreme Court denied Petitioner=s request for further review of his case.  State v. Wrobleski, No. A04-1493, 2005 WL 2008505, at *1 (Minn. Ct. App. Aug. 23, 2005), rev. denied, (Nov. 15, 2005).

On November 29, 2005, Petitioner filed his current federal habeas corpus petition, which lists four grounds for relief:

(1)     that his Fifth Amendment right against self-incrimination had been violated;

(2)     that he was deprived of his constitutional right to effective assistance of counsel at trial;

(3)     malicious prosecution; and

(4)     that his Fifth Amendment Miranda rights were violated.

Petition [Docket No. 1].

On December 28, 2005, the State of Minnesota moved to dismiss Petitioner's petition because none of his claims were raised in state court.  Resp't Mem., at 1.  In response, Petitioner argued that all the issues in the petition were submitted to the Minnesota Court of Appeals and Minnesota Supreme Court by the Office of the State Public Defenders and Petitioner's pro se brief.

The Court has received and reviewed copies of the Appellant's Brief and Appendix, Appellant's Pro-Se Supplemental Brief, and Respondent's Brief filed with the Minnesota Court of Appeals, Petitioner's Petition for Review of Decision of Court of

Appeals filed with the Minnesota Supreme Court, and the decisions of both appellate courts. After reviewing these documents, it is clear to the Court that none of Petitioner=s current habeas claims can be entertained at this time, because they have not been fairly presented to the Minnesota state courts. It will therefore be recommended that the instant petition be summarily dismissed due to non-exhaustion of state court remedies.

## II.   DISCUSSION

It is well-established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. ' 2254(b); O=Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O=Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O=Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66. See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) (Abefore we may reach the merits of a habeas petition, we must first determine whether the Petitioner has fairly presented his federal constitutional claims to the state court@). Furthermore, a habeas Petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A Amixed petition@—i.e., one that includes both

exhausted and unexhausted claims—will be dismissed for non-exhaustion.  <u>Rose</u>, 455 U.S. at 510, 522.

In this case, Petitioner has not exhausted his state court remedies for any of the four grounds for relief listed in his habeas corpus petition.  The claims that Petitioner raised in his direct state court appeal were that his conviction should be vacated because a first-degree implied consent testing refusal was not statutorily defined as an offense, and the imposition of a public defender co-payment violated his right to counsel.  In addition, Petitioner made several due process claims.  None of these claims are listed in the current habeas corpus petition; instead Petitioner has presented four new claims for relief.  Because Petitioner has not fairly presented all of his current claims for relief to the state courts, he has not satisfied the exhaustion of state court remedies requirement.

Furthermore, there is a state court remedy that <u>might</u> still be available for Petitioner=s unexhausted claims—namely a motion for post-conviction relief brought under Minn. Stat. ' 590.01.  The Court recognizes that Petitioner may be procedurally barred under state law from raising his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims could have been previously raised on direct appeal.  <u>See</u> <u>McCall</u>, 114 F.3d at 757 (AMinnesota law provides that once the Petitioner has directly appealed his sentence >all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief=@), citing <u>State v. Knaffla</u>, 243 N.W.2d 737, 741 (Minn. 1976); <u>Roby v. State</u>, 531 N.W.2d 482, 484 (Minn. 1995).  However, it is preferable to have the Minnesota state courts, rather than the federal district court, decide which (if any) of

Petitioner=s unexhausted federal constitutional claims can still be heard and decided on the merits in state court, and which claims are barred by the state=s procedural rules.[3]

In sum, the Court will recommend that this action be summarily dismissed because Petitioner has not satisfied the exhaustion of state court remedies requirement. It will be further recommended that the action be dismissed without prejudice, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims.[4]   Petitioner may return to federal court—if necessary—after the state courts, including the Minnesota Supreme Court, have reviewed and decided all of the claims that he seeks to present in federal court.   See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).

## III.   RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

---

[3]      Any claims that the state courts refuse to decide on the merits because of a state procedural rule will be procedurally defaulted, and will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default. Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), (A[f]ederal courts will not review a procedurally defaulted claim because >a habeas petitioner who has failed to meet the State=s procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance=@), quoting Coleman, 501 U.S. at 732.

[4]      If Petitioner pursues this option, he should bear in mind that he will not satisfy the exhaustion requirement unless he also pursues every available avenue of appellate review, (if relief is not granted by the trial court).   See O=Sullivan, 526 U.S. at 845 (A[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State=s established appellate review process@) (emphasis added).

1.     Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE.**

2.     Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus [Docket No. 3] be **GRANTED**.

3.     Petitioner's Motion to Grant Appropriate Relief [Docket No. 5] be **DENIED**.

Dated:        April 27, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

        Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 15, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Wrobleski R&R doc